P. Corper James - 8960
**MABEY, WRIGHT & JAMES, PLLC**
175 South Main, #1330
Salt Lake City, Utah 84111
Telephone: (801) 359-3663
Fax: (801) 359-3673
Email: cjames@mwjlaw.com

*Attorneys for Plaintiff Sylvia De Lacruz*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SYLVIA DE LACRUZ. an individual, | |
| Plaintiff, | **COMPLAINT** |
| vs. | Civil No. |
| PEDIATRIC DENTISTRY, PC | Judge |
| Defendants. | |

Plaintiff Syliva De Lacruz hereby complains against the Defendant Pediatric Dentistry as follows:

## PARTIES AND JURISDICTION

1. Syliva De Lacruz (hereafter "De Lacruz") is a resident of Weber County, State of Utah.

2. Defendant Pediatric Dentistry, PC ("Pediatric") is a Utah Professional Corporation, registered to do business in the State of Utah.

3. Jurisdiction and venue are proper in this court pursuant to 42 U.S.C. §2000(e) et. seq., or Title VII of the 1964 Civil Rights Act, as amended, and all the events, facts, and occurrences giving rise to this action occurred within the state of Utah.

## GENERAL ALLEGATIONS

4. De Lacruz was employed by Pediatric for approximately 3 1/2 years as a receptionist and translator.

5. On several occasions Ms. De Lacruz complained to Pediatric about being subjected to racial slurs including 'dirty Mexican' and "wetback."

6. In 2008 De Lacruz complained to her supervisors about the conduct. Despite her complaint, the conduct continued.

7. In particular, on June 23, 2009 De Lacruz called a meeting with her supervisor to complain about being called a 'wetback' by a coworker.

8. As a result of her complaint, De Lacruz was marginalized by several fellow employees, had her work more closely scrutinized, and had her shifts adjusted.

9. De Lacruz had received a few minor performance warnings in 2008 for improper filing, but until her complaint had not received any such warning in nearly a year.

10. Approximately 60 days after making her complaint, De Lacruz was fired for alleged work performance issues.

11. De Lacruz received her Right to Sue letter from the United States Equal Employment Opportunity Commission.

## FIRST CLAIM FOR RELIEF

**Unlawful Employment Practices Pursuant to §2000e-2 (Harassment) of Title VII of the Civil Rights Act**

12. De Lacruz realleges and incorporates by reference all of the allegations in paragraphs 1 through 11.

13. Pediatric is an employer with more than 15 employees.

14. De Lacruz was subjected to derogatory comments pertaining to her race and national origin on several occasions.

15. She was subjected to unwelcome and unwanted conduct by way of jokes, comments, and other instances of conduct based on her race and national origin.

16. She complained to her supervisor and the conduct continued.

17. The conduct was so severe and pervasive as to alter the workplace and create a hostile work environment.

18. Pediatric's conduct constitutes and unlawful employment practice under 42 U.S.C.A. §2000e-2.

19. As a result of Pediatric's unlawful employment practice, and Pediatric's reckless indifference to the federally protected rights of De Lacruz, De Lacruz has suffered emotional and financial harm.

20. By reason of Pediatric's violation of 42 U.S.C.A. §2000e-2, and pursuant to 42 U.S.C.A. §2000e-5 De Lacruz is entitled to backpay, interest, costs and attorney fees in an amount to be established at trial.

21. Pursuant to 42 U.S.C.A. §1981a, De Lacruz is entitled to punitive damages and other damages including but not limited to, future pecuniary loss, emotional pain, suffering, mental anguish and loss of enjoyment of life in an amount to be established at trial.

### SECOND CLAIM FOR RELIEF

**Unlawful Employment Practices Pursuant to §2000e-2 (Discrimination) of Title VII of the Civil Rights Act**

22. De Lacruz realleges and incorporates by reference all of the allegations in paragraphs 1 through 21.

23. De Lacruz complained that she was being singled out for her race and national origin.

24. She was treated differently than other employees, and her work scrutinized beyond normal Pediatric practices.

25. Once she complained about the racial comments, De Lacruz was deemed to have a 'bad attitude' and was accused of being a troublemaker.

26. After her complaints, De Lacruz was denied due process, and otherwise treated differently by Pediatric.

27. Pediatric's conduct as a result of De Lacruz's complaint constitutes and unlawful employment practice under 42 U.S.C.A. §2000e-2.

28. As a result of Pediatric's unlawful employment practice, and Pediatric's reckless indifference to the federally protected rights of De Lacruz, De Lacruz has suffered emotional and financial harm.

29. By reason of Pediatric's violation of 42 U.S.C.A. §2000e-2, and pursuant to 42 U.S.C.A. §2000e-5 De Lacruz is entitled to backpay, interest, costs and attorney fees in an amount to be established at trial.

30. Pursuant to 42 U.S.C.A. §1981a, De Lacruz is entitled to punitive damages and other damages including but not limited to, future pecuniary loss, emotional pain, suffering, mental anguish and loss of enjoyment of life in an amount to be established at trial.

### THIRD CLAIM FOR RELIEF

**Unlawful Employment Practices Pursuant to §2000e-3 of Title VII of the Civil Rights Act**

31. De Lacruz realleges and incorporates by reference all of the allegations in paragraphs 1 through 30.

32. De Lacruz participated in an activity protected under 42 U.S.C.A. §2000e-3 when she complained more than once that she had been subjected to derogatory remarks pertaining to her race and national origin.

33. As a result of her complaint, De Lacruz was marginalized, scrutinized, and harassed, and terminated.

34. The conduct of Pediatric toward De Lacruz as a result of her complaint constitutes an unlawful retaliation against De Lacruz for engaging in the activity protected under 42 U.S.C.A. §2000e-3.

35. As a result of Pediatric's unlawful employment practice, and Pediatric's reckless indifference to the federally protected rights of De Lacruz, De Lacruz has suffered emotional and financial harm.

36. By reason of Pediatric's violation of 42 U.S.C.A. §2000e-3, and pursuant to 42 U.S.C.A. §2000e-5 De Lacruz is entitled to backpay, interest, costs and attorney fees in an amount to be established at trial.

37. Pursuant to 42 U.S.C.A. §1981a, De La Cruz is entitled to punitive damages and other damages including but not limited to, future pecuniary loss, emotional pain, suffering, mental anguish and loss of enjoyment of life in an amount to be established at trial.

WHEREFORE, De la Cruz prays for judgment against Pediatric for the following:

1.  On the First Claim for Relief, for damages pursuant to 42 U.S.C.A. §2000e-5 in an amount to be established at trial but not less than $100,000.00 and pursuant to 42 U.S.C.A. §1981a in an amount to be established at trial, together with costs and attorneys fees as allowed by law, pre and post judgment interest, and such other relief as the Court may deem appropriate under the circumstances.

2.  On the Second Claim for Relief, for damages pursuant to 42 U.S.C.A. §2000e-5 in an amount to be established at trial but not less than $100,000.00 and pursuant to 42 U.S.C.A. §1981a in an amount to be established at trial, together with costs and attorneys fees as allowed by law, pre and post judgment interest, and such other relief as the Court may deem appropriate under the circumstances.

3.  On the Third Claim for Relief, for damages pursuant to 42 U.S.C.A. §2000e-5 in an amount to be established at trial but not less than $100,000.00 and pursuant to 42 U.S.C.A. §1981a in an amount to be established at trial, together with costs and attorneys fees as allowed by law, pre and post judgment interest, and such other relief as the Court may deem appropriate under the circumstances.

June 28, 2011.

                                      **MABEY, WRIGHT & JAMES, PLLC**

                                      P. Corper James
                                      *Attorneys for Sylvia De Lacruz*

<u>Plaintiff's Address</u>:
Sylvia De Lacruz
2128 Van Buren Ave
Ogden, UT 84401